UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE BLACK,

        Plaintiff,

v.

SHERIFF MICHAEL J. MURPHY,
UNDERSHERIFF JASON PLESS,
DEPUTY REGINALD VANWULFEN,
and DEPUTY BRAD NEFF,

        Defendants.
_____/

Civil Action No. 24-10634

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF (ECF No. 5)

**Background**

This case arises out of an incident that occurred on September 23, 2022, inside a courtroom at the 53rd District Court in Howell, Michigan. Plaintiff, Yvonne Black ("Black") was sitting in the gallery watching a criminal jury trial. Although Black contends she was not in any way disrupting the proceedings, Deputy Reginald VanWulfen ("VanWulfen"), who was in full uniform in the courtroom during the proceedings, determined that she was. VanWulfen claims that Black "was just becoming disruptive. She would talk. She started talking to people." (ECF No. 12, PageID.154).[1] He claims he told her five or six times not to be disruptive, and that if she wouldn't stop, she would need

---

[1] ECF No. 12 is a copy of Deputy VanWulfen's preliminary examination testimony with respect to the charge levied against Black due to her conduct on the day in question.

to leave; instead, according to VanWulfen, Black "put her finger up towards [his] face and told [him] she didn't have to listen to [him]." (*Id.*, PageID.154-55). VanWulfen testified that although Black "wasn't screaming," "she was talking loud enough the jury could hear . . ." (*Id.*, PageID.155). VanWulfen grabbed Black by the arm and escorted her out of the courtroom. (*Id.*, PageID.155-56). During their interaction, Black hit VanWulfen with her purse. (*Id.*, PageId.157). The incident, including Black striking VanWulfen with her purse, was captured on video. (*Id.*, PageID.198).

Black was charged with assaulting or obstructing an officer due to her striking VanWulfen with her purse. (*Id.*, PageID.209). On March 21, 2023, the Honorable Daniel Bain of the 53rd District Court held a preliminary examination as to the charge against Black. After hearing VanWulfen's testimony and reviewing the video of the incident, Judge Bain found that the charge was supported by probable cause and bound Black over for trial. (*Id.*, PageID.214-16). Black claims that her trial is scheduled to take place on April 15, 2024. (ECF No. 5, PageID.108).

On March 12, 2024, Black commenced the instant action against VanWulfen, Sheriff Michael J. Murphy, Undersheriff Jason Pless, and Deputy Brad Neff (collectively "Defendants"). (ECF No. 1). In her operative amended complaint against Defendants, which Black filed on March 13, 2024, she accuses them of "collectively coordinating efforts against [her], whereby maliciously instigating prosecution against her in an effort to conceal the offense of battery committed by Defendant Reginald VanWulfen against [her]" when he physically removed her from the courtroom during the incident in question. (ECF No. 5, PageID.110).

Black asserts that she was removed from the courtroom without probable cause, and that she was subjected to a "false arrest" based on an "improper complaint," "resulting in malicious felony prosecution against [her]." (*Id.*, PageID.111). Black brings claims for alleged violations of her rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution. (*Id.*, PageID.121-126). As to each claim, Black asks that this Court enter "a preliminary and permanent injunction ordering the Defendants to withdraw their improper complaint against her and cease this malicious prosecution." (*Id.*, PageID.122, 125, 126). She also seeks a "judicial declaration" that her rights under the Second, Fourth, and Fourteenth Amendments are being violated, and asks for "such further relief as is just and equitable."

Pursuant to 28 U.S.C. § 636(b)(1), this case has been referred to the undersigned for all pretrial purposes. (ECF No. 4). While Black's complaint is fundamentally flawed in multiple respects, given the timing, this Report and Recommendation will focus solely on her request for an injunction enjoining the state criminal proceedings against her.

**Legal Standard**

A preliminary injunction is an "extraordinary remed[y] designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Moreover, because a preliminary injunction is an extraordinary remedy, it "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a request for a preliminary injunction the Court

considers the following factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Overstreet*, 305 F.3d at 573. Whether to grant such relief is a matter within the sound discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

### Analysis

After a review of Black's filings, the Court finds that the *Overstreet* factors clearly favor denying her request for an injunction against the state court proceedings. First, factually and legally Black has not shown any reasonable likelihood of success on the merits, let alone a strong likelihood of success. In terms of the facts, Black provided the Court with Deputy VanWulfen's preliminary examination testimony in which he testified that, in his opinion, Black was disrupting the criminal trial that she was observing because the jury could hear her speaking to others. VanWulfen testified that he gave Black multiple opportunities to stop talking loudly, and warned her that if she did not stop, she would need to leave. He also testified that when she wouldn't stop talking, he instructed her to leave, and that he only grabbed her and forced her out of the courtroom when she told him that he couldn't tell her what to do. He testified, and, according to Judge Bain, the video confirmed, that Black struck him with her purse. While Black disputes that she was being disruptive in the courtroom, as Judge Bain found, that is a clear question for the jury.

In terms of the law, it would be completely improper for this Court to enjoin

4

the state court criminal proceedings currently pending against Black. As the Honorable Denise Page Hood recently explained:

> In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. [] The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").
>
> "To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.' " *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54).

*Derrick v. Beale*, No. 21-cv-10717, 2021 WL 5795323, at *4 (E.D. Mich. Dec. 7, 2021).

Here, all three requirements are unquestionably met. Black admits that the criminal state court criminal charge against her remains pending, and that state criminal proceeding clearly involves important state interests, as it relates to allowable conduct during other state criminal proceedings. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Black's criminal proceedings provide her with an adequate opportunity to raise any constitutional challenges she wishes to make. Finally, for the reasons discussed above, while it remains to be seen whether the People will secure a

5

conviction in the underlying criminal proceeding, Black has not shown any "bad faith, harassment, or any other unusual circumstance" that would justify this Court enjoining the state court criminal action from moving forward.  Thus, Black has not shown a likelihood of success on the merits.

Nor has she shown that she will suffer irreparable harm without the injunction she seeks.  Again, at this time, Black is merely facing a criminal charge, the outcome of which is uncertain.  She has every opportunity to challenge the charge in the state court criminal proceeding, and to present a vigorous defense.  And, if she does not prevail, she would have certain state court appellate rights.

The final two factors also weigh in favor of denying Black's requested injunction. As explained above, the *Younger* abstention doctrine's very purpose is to prevent federal court interference with state court criminal prosecutions and to "preserve equity and comity." *Univ. of Ky.*, 860 F.3d at 368.  To grant Black the injunction she has requested would thus harm both the Defendants and the public.

In sum, Black has failed to overcome the "heavy burden" placed on a party seeking to obtain a preliminary injunction, and her request that this Court enjoin the state court criminal proceedings against her should be denied.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Black's request for an injunction enjoining the state court criminal proceedings against her **(ECF No. 5)** be **DENIED**.

| | |
|---|---|
| Dated: March 22, 2024<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

7

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2024.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager